KONENKAMP, Justice
(concurring specially).
[¶ 50.] This case illustrates one of the pitfalls inherent in our rule in SDCL 19-9-3 (Rule 103(a)). The rule provides in part: “Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.” SDCL 19-9-3 (Rule 103(a)) (emphasis added); see also Papke v. Harbert, 2007 S.D. 87, ¶ 54 n. 16, 738 N.W.2d 510, 528 n. 16. Our rule gives no further guidance on what constitutes a “definitive ruling.” Overreliance on this provision may be hazardous to preserving an objection for appeal.
[¶ 51.] Here, the defense sought a pretrial order to exclude, among other things, the testimony of Nurse Amber Mason about statements the victim made regarding the identity of the alleged assailant and other remarks not pertinent to medical diagnosis. The court granted the request, in part, saying it “will not admit the identity information elicited.” Defense counsel also asked the court for “clarification on the purported statements the State is seeking to introduce, as not all statements of the alleged victim supposedly made to Ms. Mason are pertinent to medical diagnosis or treatment.” The court responded:
The court finds that the rest of ... the information elicited by Nurse Mason as it relates to diagnosis and treatment is admissible. Now I note in your response, [defense counsel], that you are asking for clarification regarding what statements the victim made to the nurse as pertinent to medical diagnosis or treatment so, in essence, the court is telling you that the information provided to Nurse Mason relevant to medical diagnosis and treatment is admissible. The identity question the court finds to be inadmissible.
Then the court asked counsel if its response provided “sufficient direction.” The State answered affirmatively, and defense counsel replied, “We do rely on our letter dated August 12th.” But that letter, again, only sought the same “clarification” and commented that “not all statements the alleged victim supposedly made to Ms. Mason are pertinent to medical diagnosis or treatment.”
[¶ 52.] Was there a definitive ruling? In fairness to defense counsel, in a sense the ruling was definitive: it was not conditional or provisional. Apparently, the trial court intended its ruling to be its final *272 word on the subject. But was the court saying that all the nurse’s testimony, except on identity, was pertinent to medical diagnosis or treatment? Or was the court saying that it would admit the nurse’s testimony pertaining only to medical diagnosis or treatment? These are close questions. As explained in the Committee Notes to the federal counterpart to SDCL 19-9-8 (Rule 103(a)), the rule “imposes the obligation on counsel to clarify whether an in limine or other evidentiary ruling is definitive when there is doubt on that point.” See Fed.R.Evid. 103(a) advisory committee’s note.
[¶ 53.] On appeal, counsel thoroughly parses Nurse Mason’s testimony, arguing that portions were not at all related to diagnosis or treatment. But the trial court was never given the opportunity to hear these specific objections. If it had, the matter may have been easily corrected. Defense counsel should have brought this issue back to the court’s attention at trial. As the Committee Notes explain, “Even where the court’s ruling is definitive, nothing in the [rule] prohibits the court from revisiting its decision when the evidence is to be offered.” Id. Since the court was not given an opportunity to rule on the specific concerns now before us, we must declare the issue waived.